Filed 6/27/16  In re Alicia P. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re ALICIA P. et al., Persons Coming Under the Juvenile Court Law. | B267650 (Los Angeles County Super. Ct. No. DK11189) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ANGELA M., <br><br> Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Reversed with directions.

Michele A. Cella, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, R. Keith Davis, Assistant County Counsel and Jacklyn K. Louie, Principal Deputy County Counsel for Plaintiff and Respondent.

Sara McGlocklin and Alyse Bloomfield for Minor Alicia P.

Leah Cohen-Mays for Minor Ryan P.

Angela M., the mother of the children, A.P. and R.P., appeals from an August 28, 2015 dependency dispositional order. The mother contends the August 28, 2015 dispositional order must be reversed because of noncompliance with the Indian Child Welfare Act and related California provisions. The parties have stipulated to a limited reversal of the dispositional order to allow compliance with the Indian Child Welfare Act and related California provisions. In addition, the parties have stipulated to immediate remittitur issuance. The cause having been presented to us, we accept the parties' stipulation.

The parties agree there was noncompliance with the Indian Child Welfare Act and related California provisions. We concur in their assessment in this regard. Further, the parties agree the dispositional order must be reversed and remanded to permit proof of compliance with the Indian Child Welfare Act and related California provisions. Our ability to accept a stipulated reversal in the dependency context is discussed in the case of *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379-382. The present case involves reversible error—the failure to present substantial evidence of compliance with the Indian Child Welfare Act and its related California provisions. (*In re Marinna J.* (2001) 90 Cal.App.4th 731, 736-740; *In re Desiree F.* (2000) 83 Cal.App.4th 460, 471-472.) Under any circumstances, the dispositional order would be reversed. Thus, a stipulated reversal advances those interests identified in Code of Civil Procedure section 128, subdivision (a)(8). (*In re Rashad H., supra*, 78 Cal.App.4th at pp. 379-382; see *Union Bank of California v. Braille Inst. of America, Inc.* (2001) 92 Cal.App.4th 1324, 1329-1330.) If proper notice and investigation is undertaken and no tribe asserts that a child is of Indian descent, the dispositional order is to be reinstated. If a tribe asserts that a child is of Indian descent, the juvenile court is to proceed in compliance with the Indian Child Welfare Act and related California provisions. Obviously, if proper notice and investigation reveals that only one child is of Indian descent, then the juvenile court may proceed to enter a dispositional as to the other youngster. The timing of when to enter a dispositional order if one child is of Indian descent but the other is not is a matter we leave in the juvenile court's good hands.

2

The dispositional order is reversed and the cause is remanded for compliance with the federal Indian Child Welfare Act requirements and related state provisions.  The remittitur is to issue forthwith.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


RAPHAEL, J.*

---

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.